1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

EVANGELINE F.,

Plaintiff,

10

v.

11

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations

12

Defendant.

13

Case No. 2:17-cv-01922-RBL-TLF

REPORT AND
RECOMMENDATION

NOTED FOR JANUARY 18, 2019

14

15

        Plaintiff appeals the Commissioner's denial of her applications for disability insurance

16

and supplemental security income (SSI) benefits. This matter has been referred to the

17

undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28

18

U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court

19

should reverse the Commissioner's decision and remand this matter for payment of benefits.

20

PROCEDURAL BACKGROUND

21

        Plaintiff applied for disability insurance and SSI benefits in May 2014. Dkt. 8,

22

Administrative Record (AR) 21. She alleges her disability began on October 10, 2012, as a result

23

of a car accident. *Id.;* AR 342, 361. The Commissioner denied plaintiff's applications on initial

24

25

1    administrative review and on reconsideration. AR 21.

2           Following a hearing, an administrative law judge (ALJ) employed the Commissioner's

3    five-step sequential disability evaluation process to find that plaintiff could perform other jobs

4    existing in significant numbers in the national economy at step five of that process, and therefore

5    that plaintiff was not disabled. AR 21-37.

6           Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in

7    the alternative for further administrative proceedings.

8    <u>STANDARD OF REVIEW</u>

9           The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not

10    supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017).

11    Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate

12    to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting

13    *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires

14    "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting

15    *Desrosiers*, 846 F.2d at 576).

16           The ALJ is responsible for determining credibility and for resolving any conflicts or

17    ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th

18    Cir. 2014). If more than one rational interpretation can be drawn from the evidence, the Court

19    must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is

20    sufficient to support more than one outcome, the Court must uphold the decision the ALJ made.

21    *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

22           The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759

23    F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and

24

25    REPORT AND RECOMMENDATION - 2

1  evidence that does not support the ALJ's conclusion. *Id.*

2        The Court may not affirm the ALJ's decision by locating a quantum of supporting

3  evidence and ignoring non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir.

4  2007).The Court also may not affirm for a reason upon which the ALJ did not rely. *Garrison*,

5  759 F.3d at 1010. Rather, only the reasons the ALJ identified are considered in the scope of the

6  Court's review. *Id.*

7  ISSUES FOR REVEW

8      1.  Whether the ALJ erred in evaluating the medical opinion evidence?

9      2.  Whether the ALJ erred in evaluating the personal observations of agency
10          personnel?

11      3.  Whether the ALJ erred in evaluating plaintiff's credibility concerning her
        physical impairments?

12  DISCUSSION

13      1.  *The ALJ Erred in Evaluating the Medical Opinion Evidence*

14        An ALJ must give "clear and convincing" reasons supported by substantial evidence to

15  reject a treating or examining physician's uncontradicted opinion. *Revels v. Berryhill*, 874 F.3d

16  648, 654 (9th Cir. 2017). Even where contradicted, the ALJ may reject a treating or examining

17  physician's opinion only by providing "specific and legitimate" reasons that are supported by

18  substantial evidence. *Id.* The same applies to the opinion of a treating or examining psychologist.

19  *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (citing *Lester v. Chater*, 81 F.3d 821, 830-

20  31 and n.7 (9th Cir. 1995) (opinions of "physicians" include those from psychologists and other

21  "acceptable medical sources"[1])).

22

23  _____

[1] "Acceptable medical sources" include licensed physicians and licensed or certified psychologists. 20 C.F.R. §
24  404.1502(a); 20 C.F.R. § 416.902(a); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *1.

25

REPORT AND RECOMMENDATION - 3

1    The ALJ can meet this requirement by setting out a detailed and thorough summary of

2  the facts and conflicting evidence, stating his or her interpretation thereof, and making findings.

3  *Revels*, 874 F.3d at 654. The ALJ generally must weigh a treating physician's opinion more

4  heavily than an examining physician's, and an examining physician's opinion more heavily than

5  a non-examining (reviewing) physician's. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir.

6  2014). A non-examining (reviewing) physician's opinion is not by itself sufficient to justify

7  rejecting the opinion of either an examining or a treating physician, *Revels*, 874 F.3d at 655,

8  though it can constitute substantial evidence if "it is consistent with other independent evidence

9  in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

10    The ALJ need not discuss every item of evidence presented, *Hiller v. Astrue* 687 F.3d

11  1208, 1212 (9th Cir. 2012). But the ALJ "may not reject 'significant probative evidence' without

12  explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995). The ALJ may reject even a

13  treating physician's opinion if it is "brief, conclusory, and inadequately supported" by objective

14  medical findings or "the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

15  1190, 1195 (9th Cir. 2004).

16              a.      *Rahul Khurana, M.D.*

17    Rahul Khurana, M.D., performed a psychiatric evaluation of plaintiff in September 2014.

18  AR 489-93. Dr. Khurana found plaintiff had "moderate difficulty" with simple instructions, was

19  "markedly to severely impaired" in regard to carrying out more complex instructions and work-

20  related judgments, and had a "severe disability" for sustained concentration and persistence. AR

21  492-93.

22    Dr. Khurana also found that typical social interactions would be "severely difficult" for

23  plaintiff, and that she would have "severe difficulty" in responding to changes in work routine.

24

25

REPORT AND RECOMMENDATION - 4

1  AR 493. Dr. Khurana concluded that her medical and mental illnesses made it "unrealistic" for

2  her "to ever work again in any meaningful, long term capacity." *Id.* at 492.

3         The ALJ gave only "partial" weight to Dr. Khurana's opinion. AR 33. The ALJ found Dr.

4  Khurana's conclusion that plaintiff had problems in social interactions "has support in the

5  medical consultant opinions" in the record. *Id.* Likewise, the ALJ found Dr. Khurana's opinion

6  regarding plaintiff's problems in responding to changes in work routine "also has support in the

7  evidentiary record." *Id.*

8         The ALJ found Dr. Khurana's "statement of moderate difficulty with even simple

9  instructions is an overstatement of the degree of deficit for" plaintiff. AR 33. Instead, the ALJ

10 determined "[t]he evidence is more persuasive from other medical sources" that plaintiff could

11 perform at the simple work level. *Id.*

12        The ALJ failed to provide specific, legitimate reasons for discounting Dr. Khurana's

13 opinions. Despite finding Dr. Khurana's conclusions regarding problems with social interactions

14 had support in the record, the ALJ did not adequately account for the *severe* difficulty plaintiff

15 would have in typical social interactions in determining plaintiff's work-related capabilities. *See*

16 AR 28 (restricting plaintiff to working with others and the public on only an occasional[2] basis).

17        The ALJ also erred in failing to address Dr. Khurana's opinion that plaintiff had a severe

18 disability for sustained concentration and persistence. AR 33, 493. The ALJ restricted plaintiff to

19 unskilled work, involving simple work-related decisions and being "off task/unproductive" up to

20 10% of the time. AR 28. But Dr. Khurana's use of the term "disability" here suggests an *inability*

21 to sustain concentration and persistence.

---

[2] *See* SSR 96-9p, 1996 WL 374185, at *3 (defining the term "occasionally" to mean "occurring from very little *up to one- third of the time*," and to "generally total no more than about 2 hours of an 9-hour workday") (emphasis added). As plaintiff points out, the ALJ also failed to include any restriction on plaintiff's ability to interact with supervisors. *See* AR 28.

1      Lastly, the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Khurana's

2  opinion that plaintiff would have moderate difficulty with even simple tasks. The ALJ made a

3  general statement that this "is an overstatement of [plaintiff's] degree of deficit" and that "[t]he

4  evidence is more persuasive from other medical sources" (AR 33); this assessment is conclusory

5  and falls far short of what is required to reject medical opinion evidence. *Garrison v. Colvin*, 759

6  F.3d 995, 1012-13 (9th Cir. 2014) (error to reject medical opinion by "asserting without

7  explanation that another medical opinion is more persuasive, or criticizing it with boilerplate

8  language").

9         b.   *Kristin Obillo, M.D.*

10     Kristin Obillo, M.D., plaintiff's treating physician, completed a physical functional

11  evaluation form in August 2014. AR 694-96. Dr. Obillo opined that plaintiff was "severely"

12  limited in her ability – meaning "[u]nable" –to perform the demands of sedentary work. AR 695-

13  96.

14     In January 2015, Dr. Obillo completed a physical residual functional capacity (RFC)

15  questionnaire. Dr. Obillo wrote that plaintiff: was incapable of even low stress jobs; could sit,

16  stand, and walk for less than 2 hours total in an eight-hour workday; needed take unscheduled

17  breaks frequently; could not even lift or carry less than 10 pounds; had zero use of her fingers,

18  hands, and arms; and would miss more than four days of work per month. AR 942-45.

19     Also in January 2015, Dr. Obillo filled out a certification form stating that plaintiff's

20  medical conditions prevented her from engaging in any substantial gainful activity for at least 60

21  months. AR 936.

22     In June 2016, Dr. Obillo completed another physical functional evaluation form, in which

23  she again opined that plaintiff was "severely" limited in her ability to perform the demands of

24

25

1    sedentary work. AR 949-50.

2        The ALJ rejected Dr. Obillo's August 2014 opinion because she provided no medical

3    findings or explanation to support it. AR 32. The ALJ rejected her January 2015 opinions for

4    essentially the same reasons. AR 34. The ALJ did not address Dr. Obillo's June 2016 opinion.

5        The ALJ's erroneously determined that the August 2014 and January 2015 opinions are

6    unsupported by explanation. In support of her August 2014 opinion, Dr. Obillo pointed to

7    plaintiff's complaints and symptoms of multiple joint pains with myalgia, dizziness, headaches,

8    and carpal tunnel. AR 694. Dr. Obillo also referred to "attached consult notes & imaging results"

9    for diagnostic findings (*id.* at 695); in addition, the record contains nearly three years' worth of

10   treatment notes and findings from Dr. Obillo. *See* AR 383-86, 388-89, 398-99, 401-03, 408-09,

11   414-20, 426, 649-50, 653-54, 856-58, 860-79, 892-917.

12       In support of her January 2015 opinions, Dr. Obillo noted plaintiff's multiple joint pains,

13   generalized myalgia, and headaches. AR 936, 942. Dr. Obillo also pointed to swelling (*id.* at

14   942) and pain and swelling in plaintiff's fingers (*id.* at 945).

15       The ALJ's focus on lack of medical findings regarding fibromyalgia shows that the ALJ

16   misapprehended a diagnosis Dr. Obillo listed in both her August 2014 and January 2015

17   opinions. AR 695, 942; *Revels*, 874 F.3d at 663 (noting that fibromyalgia is diagnosed "entirely

18   on the basis" of the patient's reports of pain and other symptoms, and that "there are no

19   laboratory tests to confirm the diagnosis") (quoting *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th

20   Cir. 2004)). In addition, Dr. Obillo's June 2016 opinion – which the ALJ failed to comment on –

21   constitutes significant probative evidence that the ALJ could not ignore or reject without

22   explanation. *Flores*, 49 F.3d at 570-71.

23

24

25

REPORT AND RECOMMENDATION - 7

1

2     c.    *Dan Donohue, Ph.D.*

3    Dan Donohue, Ph.D., a non-examining psychologist who reviewed the record, opined in

4 December 2014, that plaintiff "cannot work in jobs requiring even occasional interaction w/ the

5 general public." AR 105. The ALJ stated he gave only partial weight to this opinion, but offered

6 no specific reasons for doing so. AR 31-32. This was error. *Garrison*, 759 F.3d at 1012-13 (ALJ

7 may not reject medical opinion without offering a substantive basis for rejecting it).

8     d.    *Lisa Hacker, M.D.*

9    Lisa Hacker, M.D., a non-examining physician who also reviewed the record, opined that

10 plaintiff can only "work with others superficially." AR 72. The ALJ gave this opinion "[g]reat

11 weight." AR 31. Yet the ALJ adopted only the restrictions that plaintiff can work with co-

12 workers and the public on an occasional basis. AR 28. The ALJ erred by not describing the type

13 of interaction plaintiff could engage in, e.g. superficial versus non-superficial. Nor did the ALJ

14 state what restrictions, if any, plaintiff had in regard to interacting with supervisors.

15     2.    *The ALJ Erred in Failing to Consider the Personal Observations of Agency Personnel*

16

17    The ALJ must take into account lay witness testimony regarding a claimant's symptoms,

18 unless the ALJ expressly rejects the testimony and gives reasons germane to that lay witness for

19 doing so. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

20    The record contains the personal observations of agency personnel concerning plaintiff's

21 ability to function. They observed that plaintiff constantly required help focusing on questions, it

22 was obvious that she was experiencing severe pain – e.g., moaning, gasping, irregular labored

23 breathing, difficulty moving, and she constantly made adjustments in an effort to be comfortable.

24 *See* AR 259, 307, 322. The ALJ's failure to mention this evidence is error.

25

REPORT AND RECOMMENDATION - 8

1    Defendant offers four reasons for why the ALJ's failure to address this evidence is at

2  most harmless error. None of them are valid. Defendant first points to the ALJ's boilerplate

3  statement that the RFC the ALJ assessed is based on "consideration of the entire record." AR 28.

4  Clearly, this statement is not at all germane to the particular lay witnesses.

5    Defendant next asserts the lay witnesses' one-time observations are insufficient to show

6  plaintiff's ability to work is significantly impaired, Dkt. 16, p. 17, citing *Meanel v. Apfel*, 172

7  F.3d 1111, 1114 (9th Cir. 1999). But in *Meanel*, the Ninth Circuit found that a physician's "mere

8  statement" that the claimant "experienced *some* diminution" in her abilities, "falls far short of an

9  informed opinion that" her diminished capacity "would significantly interfere with her ability to

10  work." *Id.* (emphasis in the original). Here, the lay witnesses provided detailed descriptions of

11  their personal observations of plaintiff.

12    Defendant also argues the ALJ did not have to consider the lay witness statements,

13  because Dr. Donahue incorporated the observations of one of the lay witnesses into his opinion.

14  Dkt. 16, p. 17 (citing AR 117). Defendant cites *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir.

15  2005). The portion of *Burch* defendant cites is not on point. In *Burch*, the Ninth Circuit found

16  that because the ALJ expressly discussed physician notes indicating the claimant had gained

17  weight and recognized the claimant's obesity likely contributed to her back discomfort, the ALJ

18  had adequately considered her obesity. 400 F.3d at 684. Here, on the other hand, while the ALJ

19  discussed Dr. Donahue's opinion, the ALJ made no mention of the lay witness statement. AR 31-

20  32.

21    And defendant argues any error is harmless because the ALJ's decision is supported by

22  substantial evidence, including the medical opinion evidence. But the ALJ completely failed to

23  properly evaluate the medical evidence. As discussed in the next section, the ALJ's credibility

24

25

REPORT AND RECOMMENDATION - 9

1    determination cannot be upheld.

2        3.    *The ALJ Erred in Discounting Plaintiff's Credibility*

3        The ALJ "engages in a two-step analysis" when assessing a claimant's credibility

4    regarding subjective pain or symptom intensity. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir.

5    2014). The ALJ first must determine whether there is objective medical evidence of a mental or

6    physical impairment that "could reasonably be expected to produce the pain or other symptoms

7    alleged*." Id.* If this test is met and there is no evidence of malingering, the ALJ can reject the

8    claimant's testimony about the severity of his or her symptoms only by providing "specific, clear

9    and convincing reasons" for doing so. *Id.* The credibility determination is an assessment of the

10    claimant's testimony and other statements to "evaluate the intensity and persistence" of the

11    claimant's symptoms; it is not an examination of the claimant's overall "character." *Trevizo*, 871

12    F.3d at 678 n.5.

13        "General findings are insufficient; the ALJ must identify what testimony is not credible

14    and what evidence undermines the claimant's complaints." *Ghanim*, 763 F.3d at 1163 (quoting

15    *Lester*, 81 F.3d at 834). The ALJ may use "ordinary techniques of credibility evaluation," such

16    as inconsistencies in the claimant's statements or between the claimant's statements and his or

17    her conduct, any "unexplained or inadequately explained failure to seek treatment or to follow a

18    prescribed course of treatment," and whether the claimant has engaged in activities of daily

19    living "inconsistent with the alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir.

20    2012) (citations omitted).

21        Here, the ALJ found the medical evidence in the record failed to show the degree of

22    limitation plaintiff alleges. AR 29-30. This can be a clear and convincing reason for discounting

23    a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ may reject a

24

25

REPORT AND RECOMMENDATION - 10

claimant's subjective complaints based on a lack of medical evidence to fully corroborate the alleged severity of the claimant's pain).

But as discussed above in Section 1, the ALJ did not provide any valid reasons for rejecting the medical opinion evidence, which largely supports plaintiff's complaints. The ALJ thus erred in relying on lack of such support to discount plaintiff's credibility.

An ALJ may not reject a claimant's subjective complaints solely due to a lack of support in the medical evidence. *Burch*, 400 F.3d at 676. The only other reason the ALJ gave was plaintiff's failure to follow through with recommended treatment. AR 30-31. Failure to seek treatment for an allegedly disabling impairment can constitute a clear and convincing reason for discounting a claimant's credibility. *Id.* at 681; *Meanal v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered failure to request serious medical treatment for supposedly excruciating pain).

But the ALJ "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *7; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Nothing in the ALJ's decision indicates the ALJ considered any explanations plaintiff may have had for not seeking greater treatment. And the record reveals plaintiff had significant financial problems that would make it difficult to follow through with treatment. AR 660 ("little to no access to finances"), 758 (2013 car accident "got her into a huge financial 'hole'"), 883 (indicating in need of legal help to explore possibility of bankruptcy), 900 ("stressed out since debt collectors call her even at night"); *Carmickle*, 533 F.3d at 1162 (inability to afford treatment

1  is a valid reason for not seeking greater treatment).

2  <u>REMAND FOR FURTHER PROCEEDINGS</u>

3          Plaintiff seeks reversal and remand for an outright award of benefits, or in the alternative

4  for further administrative proceedings. The Court has discretion to determine whether to remand

5  for additional evidence or for an award of benefits. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th

6  Cir. 2017).

7          A direct award of benefits would be warranted if the following conditions are met: First,

8  the record has been fully developed; second, there would be no useful purpose served by

9  conducting further administrative proceedings; third, the ALJ's reasons for rejecting evidence

10  (claimant's testimony or medical opinion) are not legally sufficient; fourth, if the evidence that

11  was rejected by the ALJ were instead given full credit as being true, then the ALJ would be

12  required on remand to find that the claimant is disabled; and fifth, the reviewing court has no

13  serious doubts as to whether the claimant is disabled. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th

14  Cir. 2017) (amended January 25, 2018); *Revels,* 874 F.3d at 668.

15          If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district

16  court should remand to the agency for further proceedings. *Leon*, 880 F.3d at 1045. If the Court

17  concludes that additional proceedings can remedy the errors that occurred in the original hearing,

18  the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

19          The ALJ provided no valid reasons for rejecting the medical and lay witness evidence in

20  the record, or for discounting plaintiff's credibility. The record supports plaintiff's allegations of

21  disability.

22          According to Dr. Khurana, plaintiff is markedly to severely impaired in regard to work-

23  related judgments and carrying out more than simple instructions, she has severe difficulties in

24

25  REPORT AND RECOMMENDATION - 12

1   regard to typical social interactions and responding to changes in work routines, and she has a

2   "severe disability" for sustained concentration and persistence. AR 492-93. He concluded that it

3   was unrealistic for her to work again in any meaningful capacity. *Id.* at 494.

4          Dr. Obillo, plaintiff's treating physician, opined that plaintiff was severely limited in her

5   ability to perform even sedentary work, and in January 2015, opined that plaintiff would be

6   unable to engage in any substantial gainful activity for at least five years.[3] AR 936, 949-50, 695-

7   96.

8          Based on his review of the record, Dr. Donahue found plaintiff could not work in jobs

9   that required even occasional interaction with the public. AR 105. Similarly, Dr. Hasker found

10  plaintiff was capable of only superficial interaction with others. AR 72.

11         All three lay witnesses personally observed plaintiff to be acting in a manner that was

12  consistent with being in severe pain and to have great difficulty with movement and getting

13  comfortable. AR 307, 311-12, 322. These observations and the above medical source opinion

14  evidence corroborate plaintiff's own testimony and self-reports regarding the significant mental

15  and physical symptoms and limitations she experiences. AR 50-54, 238-44, 283-89.

16         The record is neither uncertain nor ambiguous. Crediting the above evidence as true, on

17  remand the ALJ would be required to find plaintiff disabled. As there are no serious doubts as

18  whether plaintiff is disabled based on the current record, remand for further proceedings would

19  serve no useful purpose. An award of benefits is therefore warranted.

20                                    RECOMMEDATION

21         Based on the foregoing discussion, the Court should REVERSE the ALJ's decision and

---

22

23  [3] Dr. Obillo's January 2015 opinion that plaintiff has zero use of her fingers and hands alone precludes plaintiff from
    being able work based on the testimony of the vocational expert at the hearing. AR 58 (testifying that a limitation to
    occasional handling and fingering would likely preclude most any unskilled job in the light or sedentary category of
24  work); *see also* AR 28 (ALJ limiting plaintiff to light, unskilled work).

25

1    REMAND this matter for an award of benefits.

2        The parties have **fourteen (14) days** from service of this Report and Recommendation to

3    file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

4    72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

5    purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit,

6    the Clerk shall set this matter for consideration on **January 18, 2019**, as noted in the caption.

7        Dated this 3rd day of January, 2019.

8

9

10

11        Theresa L. Fricke
          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 14